UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| GLOBAL FOOD TRADING CORP. | : |
| | : |
| Plaintiff, | : |
| | : COURT NO. 21-cv-00263 |
| v. | : |
| | : |
| UNITED STATES OF AMERICA and | : |
| U.S. CUSTOMS AND BORDER PROTECTION, | : |
| | : |
| Defendants. | : |

**COMPLAINT**

Plaintiff Global Food Trading Corp. ("Plaintiff GFTC"), by and through its attorneys The Obert Law Firm, P.L.L.C., allege and state as follows:

**ADMINISTRATIVE DECISIONS TO BE REVIEWED**

1. Plaintiff GFTC brings this action pursuant to 28 U.S.C. §1581(a) and Section 1515 of the Tariff Act (19 U.S.C. §1515) to contest Defendant U.S. Customs and Border Protection's ("Defendant CBP") decisions to deny Protest numbers 460120118015 and 460120118016 ("Protest" or "Protests"), as also listed in the Summons, filed by Plaintiff GFTC pursuant to 19 U.S.C. §1514. Plaintiff GFTC challenges Defendant CBP's wrongful tariff classification of the subject merchandise and related assessment and collection of tariff amounts on behalf of Defendant United States pursuant to Section 301 of the Trade Act of 1974, 19 U.S.C. §2411 ("Section 301 Tariffs").

**JURISDICTION**

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1581(a), which provides that "[t]he Court of International Trade shall have exclusive jurisdiction of any civil action

commenced to contest the denial of a protest, in whole or in part, under section 515 of the Tariff Act of 1930." Plaintiff GFTC's Protest numbers 460120118015 and 460120118016 were denied pursuant to 19 U.S.C. § 1515(b). Jurisdiction in this Court is, therefore, proper under 28 U.S.C. §1581(a).

## PARTIES

3. Plaintiff GFTC is a privately owned importer and distributor of frozen seafood. Plaintiff GFTC is the importer of record for the entries covered by the Protests.

4. Defendant United States of America received Plaintiff GFTC's payments of the disputed amounts and is the statutory defendant under 28 U.S.C. §1581(a).

5. Defendant CBP is the agency of the Defendant United States tasked with the classification and collection of duties and tariffs of imported goods. Defendant CBP collected the disputed amounts at issue herein on behalf of Defendant United States.

## STANDING

6. Plaintiff GFTC has standing to bring this action as the importer of record that filed the Protests pursuant to 19 U.S.C. §1514 and is the real party in interest with respect to the denied Protests and respective import entries covered thereunder.

7. Accordingly, Plaintiff has standing to commence this action pursuant to 28 U.S.C. §2631(a).

## TIMELINESS OF THIS ACTION

8. Defendant CBP denied Protest number 460120118015 (covering entry numbers H77-0178170-7 and H77-0178171-5) and Protest No. 460120118016 (covering entry number H77-0174660-1) on December 2, 2020 ("Protest Denials").

9. All liquidated duties, taxes and charges have been paid on the entries covered by the Protests prior to commencement of this action.

10. Thus, Plaintiff has timely filed the Summons with this Court pursuant to 28 U.S.C. §2636(a) and Rules 3(a)(1) of the Rules of the U.S. Court of International Trade, by filing a summons within 180 days of Defendant CBP's denials of the Protests.

## BACKGROUND AND DESCIPTION OF MERCHANDSIE AND CLAIMS

11. The merchandise at issue constitutes a portion of the merchandise imported under the subject entries at issue and consists of certain frozen tilapia fillets from The People's Republic of China ("China") weighing between 3-4 ounces (85.05–113.4 grams) ("Merchandise").

12. The Merchandise was imported into the United States by Plaintiff GFTC under cover of entry number H77-0174660-1 on March 4, 2019 through the Port of New York/Newark, New Jersey (Port code 4601).

13. The Merchandise entered under cover of entry number H77-0174660-1 consists of 2,931 cartons of 3-4 ounce (85.05–113.4 grams) frozen tilapia fillets.

14. At time of entry, Plaintiff GFTC inadvertently classified all imported frozen tilapia fillets covered by entry number H77-0174660-1, including the Merchandise, under subheading 0303.23.0000 Harmonized Tariff Schedule of the United States, 19 U.S.C. §1202 (hereinafter, "HTSUS"), which provides for "[f]ish, frozen, excluding fish fillets and other fish meat of heading 0304:.... Tilapias (*Oreochromis spp*.), catfish (*Pangasius spp*., *Silurus spp*., *Clarias spp*., *Ictalurus spp*.), carp (*Cyprinus carpio*, *Carassius carassius*, *Ctenopharygodon idellus*, *Hypophthalmichthys spp*. *Cirrhinus spp*., *Mylopharyngodon piceus*), eels (*Anguilla spp*.), Nile perch (*Lates niloticus*) and snakeheads (*Channa spp*.),

excluding livers and roes:... Tilapias (*Oreochromis spp.*):....." Merchandise classifiable under subheading 0303.23.0000, HTSUS is subject to a column 1 "General" duty rate of "FREE" upon entry into the United States.

15. The Merchandise covered by entry number H77-0174660-1 should have been classified at time of entry under subheading under subheading 0304.61.0000, HTSUS, which provides for "[f]rozen fillets of tilapias (*Oreochromis spp.*), catfish (*Pangasius spp.*, *Silurus spp.*, *Clarias spp.*, *Ictalurus spp.*), carp (*Cyprinus carpio*, *Carassius carassius*, *Ctenopharygodon idellus*, *Hypophthalmichthys spp.*, *Cirrhinus spp.*, *Mylopharyngodon piceus*), eels (*Anguilla spp.*), Nile perch (*Lates niloticus*) and snakeheads (*Channa spp.*):… Tilapias (*Oreochromis spp.*):..." Merchandise classifiable under subheading 0304.61.0000, HTSUS is subject to a column 1 "General" duty rate of "FREE" upon entry into the United States.

16. As products of China classified under subheading 0303.23.0000, HTSUS (and correct subheading 0304.61.0000, HTSUS), Plaintiff GFTC was required to simultaneously classify all imported frozen tilapia fillets, including the Merchandise, covered by entry number H77-0174660-1 under the corresponding heading 9903.88.03, HTSUS, pursuant to the Office of The United States Trade Representative's ("USTR") September 21, 2018 *Notice*[s] *of Modification of Section 301 Action: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation* (Federal Register - 83 FR 47974 (September 21, 2018)) ("2018 NOM") and subject to the associated 10 percent *ad valorem* Section 301 Tariffs.

17. With respect to the Merchandise covered by entry number H77-0174660-1, Plaintiff GFTC paid to Defendant United States, through its agent, Defendant CBP, Section 301 Tariffs in the amount of $4,191.33.

18. The Merchandise was imported into the United States by Plaintiff GFTC under cover of entry numbers H77-0178170-7 and H77-0178171-5 on August 6, 2019 through the Port of New York/Newark, New Jersey (Port code 4601).

19. The Merchandise entered under cover of entry number H77-0178170-7 consists of 1,730 cartons of 3-4 ounce (85.05–113.4 grams) frozen tilapia fillets.

20. The Merchandise entered under cover of entry number H77-0178171-5 consists of 1,959 cartons of 3-4 ounce (85.05–113.4 grams) frozen tilapia fillets.

21. The Merchandise covered by entry numbers H77-0178170-7 and H77-0178171-5 was properly classified at time of entry under subheading 0304.61.0000, HTSUS, which provides for "[f]rozen fillets of tilapias (*Oreochromis spp.*), catfish (*Pangasius spp.*, *Silurus spp.*, *Clarias spp.*, *Ictalurus spp.*), carp (*Cyprinus carpio*, *Carassius carassius*, *Ctenopharygodon idellus*, *Hypophthalmichthys spp.*, *Cirrhinus spp.*, *Mylopharyngodon piceus*), eels (*Anguilla spp.*), Nile perch (*Lates niloticus*) and snakeheads (*Channa spp.*):… Tilapias (*Oreochromis spp.*):…" Merchandise classifiable under subheading 0304.61.0000, HTSUS is subject to a column 1 "General" duty rate of "FREE" upon entry into the United States.

22. As products of China classified under subheading 0304.61.0000, HTSUS, Plaintiff GFTC was required to simultaneously classify all imported frozen tilapia fillets, including the Merchandise, covered by entry numbers H77-0178170-7 and H77-0178171-5 under the corresponding heading 9903.88.03, HTSUS, pursuant to the USTR's September 21, 2018 NOM and May 9, 2019 *Notice of Modification of Section 301 Action: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation* (Federal Register - 84 FR 20459 (May 9, 2019)) and subject to the associated 25 percent *ad valorem* Section 301 Tariffs.

23. With respect to the Merchandise covered by entry number H77-0178170-7, Plaintiff GFTC paid to Defendant United States, through its agent, Defendant CBP, Section 301 Tariffs in the amount of $6,530.75.

24. With respect to the Merchandise covered by entry number H77-0178171-5, Plaintiff GFTC paid to Defendant United States, through its agent, Defendant CBP, Section 301 Tariffs in the amount of $7,395.23.

25. On January 31, 2020, Defendant CBP liquidated entry number H77-0174660-1 at the rate of duty, value, quantity, and amount of duty and Section 301 Tariffs required to be asserted by Plaintiff GFTC at time of entry, under subheading 0303.23.0000, HTSUS and corresponding subheading 9903.88.03, HTSUS.

26. Defendant CBP's decision at the time of liquidation of entry number H77-0174660-1 to classify the Merchandise under subheading 0303.23.0000, HTSUS was incorrect.

27. On March 26, 2020, the USTR issued its *Notice of Product Exclusions: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation* (Federal Register - 85 FR 17158 (March 26, 2020)) ("2020 NOPE"), explicitly and retroactively amending the language of the HTSUS in order to insert new heading 9903.88.43, HTSUS excluding certain merchandise described in Appendix A to the 2020 NOPE.

28. New heading 9903.88.43, HTSUS provides "Articles the product of China, as provided for in U.S. note 20(vv) to this subchapter, each covered by an exclusion granted by the U.S. Trade Representative."

29. U.S. note 20(vv) to Chapter 99, HTSUS states in pertinent part: "The U.S. Trade Representative determined to establish a process by which particular products classified in

heading 9903.88.03 and provided for in U.S. notes 20(e) and (f) to this subchapter could be excluded from the additional duties imposed by heading 9903.88.03. See 83 Fed. Reg. 47974 (September 21, 2018) and 84 Fed. Reg. 29576 (June 24, 2019). Pursuant to the product exclusion process, the U.S. Trade Representative has determined that the additional duties provided for in heading 9903.88.03 shall not apply to the following particular products, which are provided for in the enumerated statistical reporting numbers:… (2) Tilapias, frozen, each not weighing more than 115 g (described in statistical reporting number 0304.61.0000)."

30. On July 3, 2020, Defendant CBP liquidated entry numbers H77-0178170-7 and H77-0178171-5 at the rate of duty, value, quantity, and amount of duty and Section 301 Tariffs required to be asserted by Plaintiff GFTC at time of the respective entries, under subheading 0304.61.0000, HTSUS and corresponding subheading 9903.88.03, HTSUS.

31. Defendant CBP's decisions at time of its liquidation of entry numbers H77-0178170-7 and H77-0178171-5, to classify the Merchandise under heading 9903.88.03, HTSUS (as subject to Section 301 Tariffs), was incorrect.

32. On July 16, 2020, Plaintiff GFTC timely filed Protest number 460120118015 with Defendant CBP covering entry numbers H77-0178170-7 and H77-0178171-5, to contest Defendant CBP's decision to liquidate the Merchandise under corresponding heading 9903.88.03, HTSUS (as subject to Section 301 Tariffs). Plaintiff GFTC's Protest sought Defendant CBP's reliquidation of entry numbers H77-0178170-7 and H77-0178171-5 in order to: (1) reclassify the Merchandise as products excluded from Section 301 Tariffs under corresponding heading 9903.88.43, HTSUS; (2) cancel in full any and all respective Section 301 Tariffs previously assessed by Defendant CBP on the Merchandise pursuant to heading

9903.88.03, HTSUS; and (3) refund to Plaintiff GFTC all Section 301 Tariffs previously paid with respect to the Merchandise by Plaintiff GFTC to Defendant United States, through its agent, Defendant CBP, with any applicable interest permitted by law.

33. On July 16, 2020, Plaintiff GFTC timely filed Protest number 460120118016 with Defendant CBP covering entry number H77-0174660-1 to contest Defendant CBP's decision to liquidate the Merchandise under subheading 0303.23.0000, HTSUS and corresponding subheading 9903.88.03, HTSUS (as subject to Section 301 Tariffs). Plaintiff GFTC's Protest sought Defendant CBP's reliquidation of entry number H77-0174660-1 in order to: (1) reclassify all imported merchandise (including the Merchandise) under subheading 0304.61.0000, HTSUS; (2) reclassify the Merchandise as excluded from Section 301 Tariffs under corresponding heading 9903.88.43, HTSUS; (3) cancel in full any and all respective Section 301 Tariffs previously assessed against the Merchandise by Defendant CBP pursuant to heading 9903.88.03, HTSUS; and (4) refund to Plaintiff GFTC all respective Section 301 Tariffs previously paid with respect to the Merchandise by Plaintiff GFTC to Defendant United States, through its agent, Defendant CBP, with any applicable interest permitted by law.

34. On December 2, 2020, Defendant CBP denied Protest number 460120118015 in part, stating "Protest Denied in Part. H77-01731090 untimely 244 days after of liq. [H77-01731090 erroneously included and was subject to prior protest] H77-01731090 [*sic* H77-01781707] and H77-01781715 Denied in Part. Tilapia lines of 2-3oz approved. Tilapia lines 3-5oz, 5-7oz are denied. Exclusion for Tilapia, frozen, each not weighing more than 115 grams (4.06oz) is weight specific. It is common in the industry to contract and invoice fillets in

ranges. Averaging is not allowed as we would have no indication as to what portion would be within the limits of the exclusion and what portion exceeds the limit."

35. On December 2, 2020, Defendant CBP denied Protest number 460120118016 in part, stating "Protest Denied in Part. H77-01746601 Denied in Part. The re-classification is approved. Tilapia exclusion of 3-5oz is denied. Exclusion for Tilapia, frozen, each not weighing more than 115 grams (4.06oz) is weight specific. It is common in the industry to contract and invoice fillets in ranges. Averaging is not allowed as we would have no indication as to what portion would be within the limits of the exclusion and what portion exceeds the limit."

## CAUSE OF ACTION ONE

36. Paragraphs 1 though 35 are incorporated herein by reference.

37. The identified quantities of Merchandise, which consist of 3-4 ounce (85.05–113.4 grams) frozen tilapia fillets, satisfy the exclusion covered by corresponding subheading 9903.88.43, HTSUS which covers "(2) Tilapias, frozen, each not weighing more than 115g (described in statistical reporting number 0304.61.0000).

38. In any civil action contesting the denial of a protest under section 515 of the Tariff Act of 1930, this Court shall review the record *de novo*. *Rheem Metalurgica S/A, formerly Rheem Empreendimentos Industriais E Comerciais S.A. v. United States*, 951 F. Supp. 241, 246 (Ct. Int'l Trade 1996), aff'd sub nom. *Rheem Metalurgica S/A v. United States*, 160 F.3d 1357 (Fed. Cir. 1998).

39. Under the *de novo* review standard, the Court shall consider the documents submitted to the Court in determining whether the Plaintiff's claims for refund of Section 301 Tariffs paid on the entries covered by the Protests at issue herein.

40. The documents submitted with the Protests (and to be submitted as part of this action) unequivocally establish that Defendant CBP's denial of the Protests were incorrect, as the Merchandise consists of "(2) Tilapias, frozen, each not weighing more than 115 g (described in statistical reporting number 0304.61.0000)" and thereby, satisfies the exclusion set forth in heading 9903.88.43, HTSUS.

41. Plaintiff GFTC is therefore entitled to reliquidation of the entries in order to refund Section 301 Tariffs in the amount of $18,117.31 previously assessed by Defendant CBP with respect to the Merchandise and paid by Plaintiff GFTC to Defendant United States.

## CAUSE OF ACTION TWO

42. Paragraphs 1 though 41 are incorporated herein by reference.

43. Alternatively, and without conceding the foregoing, in the event that the Court enters judgment in actions 21-cv-00052 (*In Re Section 301 Cases*), 20-cv-00177 (*HTMX Industries, LLC, et. al. v. United States, et. al.*), and/or 20-cv-02818 (*Global Food Trading Corp., et. al. v. United States, et. al.*) upholding plaintiffs' challenges to the therein defendants' unlawful imposition and collection of Section 301 Tariffs on List 3 products originating in China, Plaintiff GFTC is similarly entitled to reliquidation of the subject entries in order to refund all Section 301 Tariffs paid by Plaintiff GFTC to Defendant United States with respect to all frozen tilapia fillets covered by the subject entries, including the amount of $18,117.31 previously assessed by Defendant CBP on the Merchandise at issue herein and paid by Plaintiff GFTC to Defendant United States through Defendant CBP.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff GFTC respectfully requests that this Court:

1. declare that the Merchandise is excluded from Section 301 Tariffs;

2. order Defendant CBP to reclassify the Merchandise as products excluded from Section 301 Tariffs under corresponding heading 9903.88.43, HTSUS;

3. order Defendant CBP to cancel in full any and all respective Section 301 Tariffs previously assessed by Defendant CBP on the Merchandise pursuant to heading 9903.88.03, HTSUS;

4. order Defendant United States and Defendant CBP to refund, with interest, any Section 301 Tariffs paid on the Merchandise by Plaintiff GFTC, plus interest as provided by law;

5. order Defendant United States and Defendant CBP to refund, with interest, all Section 301 Tariffs paid by Plaintiff GFTC on all merchandise imported under cover of the subject entries, plus interest as provided by law;

6. award Plaintiff GFTC their costs and reasonable attorney fees; and

7. grant Plaintiff GFTC such other and further relief as may be just and proper.

Dated: May 27, 2021

Respectfully submitted,

/s/ Don M. Obert

Don M. Obert
The Obert Law Firm, P.L.L.C.
1206 Castle Hill Avenue
Bronx, New York 10462
*Counsel to GFTC Food Trading Corp.*