UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE CLAIRE R. KELLY, JUDGE

| | |
|---|---|
| GLOBAL FOOD TRADING CORP.<br><br>　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>UNITED STATES,<br><br>　　　　　　　　Defendant. | Court No. 21-00263 |

**ORDER**

Upon consideration of defendant's consent motion to stay plaintiff's second cause of action pending a final resolution in Court Nos. 21-00052, 20-00177 and/or 20-02818, including the exhaustion of all appeals, and all relevant papers, it is hereby

ORDERED that defendant's consent motion be, and hereby is, granted; and it is further

ORDERED that defendant's response to paragraph 43 of the Complaint and plaintiff's second cause of action in this action is stayed until 30 days after a final resolution in Court Nos. 21-00052, 20-00177 and/or 20-02818, including the exhaustion of all appeals; and it is further

ORDERED that all defenses available to defendant regarding the second cause of action are reserved until the stay is dissolved; and it is further

ORDERED that the parties are to submit a joint status report within 30 days of a final resolution in Court Nos. 21-00052, 20-00177 and/or 20-02818, including the exhaustion of all appeals, explaining what, if any further proceedings are required, including the filing of defendant's response to paragraph 43 of the Complaint; and it is further

ORDERED that if Cause of Action One is resolved prior to a final resolution in Court

Nos. 21-00052, 20-00177 and/or 20-02818, including the exhaustion of all appeals, the parties are to submit a joint status report within 30 days of that final resolution to explain what, if any further proceedings are required, including the filing of defendant's response to paragraph 43 of the Complaint.

_____

JUDGE

Dated: New York, New York
      This_____day of_____, 2021

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE CLAIRE R. KELLY, JUDGE

| | |
|---|---|
| GLOBAL FOOD TRADING CORP.,<br><br>                  Plaintiff,<br><br>          v.<br><br>UNITED STATES,<br><br>                  Defendant. | Court No. 21-00263 |

**DEFENDANT'S CONSENT MOTION TO STAY PLAINTIFF'S SECOND CAUSE OF ACTION PENDING A FINAL RESOLUTION IN COURT NOS. 21-00052, 20-00177 AND/OR 20-02818**

Pursuant to Rules 1 and 7 of the Rules of this Court, defendant, the United States, respectfully moves this Court for an order staying defendant's response to paragraph 43 of the Complaint and plaintiff's second cause of action until 30 days after a final resolution in *In re Section 301 Cases*, Court No. 21-00052, *HTMX Industries, LLC, et. al. v. United States, et. al.*, Court No. 20-00177, and/or *Global Food Trading Corp., et. al. v. United States, et. al.*, Court No. 20-cv-02818, including the exhaustion of all appeals.

These cases are part of a group of more than 3,500 separate civil complaints challenging the imposition of tariffs on imports from China pursuant to Section 301 of the Trade Act of 1974, 19 U.S.C. § 2411 (Section 301 cases). Court No. 20-00177 is serving as a representative sample case for purposes of resolving the merits of the plaintiffs' claims in the Section 301 cases, and Court No. 21-0052 serves as the "master case," meaning that filings in this case are deemed filed in all of the Section 301 cases. Court No. 20-02818 is a Section 301 case brought by the same plaintiff as the present

action that, like the remainder of the 3,500+ separate civil actions, is currently stayed.

## BACKGROUND

This action involves imported frozen tilapia fillets (the subject merchandise) from The People's Republic of China (China). The entries at issue were covered by two protests filed by Global Food Trading Corp. (Global Food or plaintiff), which first sought to reclassify the subject merchandise under subheading 0304.61.00 of the Harmonized Tariff Schedule of the United States (HTSUS). In addition, at the time of entry, products of China classified under subheading 0304.61.00, HTSUS were also classified under 9903.88.03, HTSUS and subject to Section 301 duties at a rate of 10 percent *ad valorem*. *See* Notice of Modification of Section 301 Action: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation, 83 Fed. Reg. 47,974 (U.S. Trade Rep. Sept. 21, 2018). Plaintiff's protest therefore also claimed that the subject merchandise qualifies for an exclusion of Section 301 duties applicable to certain merchandise classified under subheading 9903.88.43, HTSUS. *See* Notice of Product Exclusions: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation, 85 Fed. Reg. 17,158 (U.S. Trade Rep. March 26, 2020).

CBP approved plaintiff's protests in part, approving the reclassification of the subject merchandise under heading 0304.61.00, HTSUS. CBP also denied the protests in part, denying the application of the claimed exclusion of Section 301 duties to certain merchandise in the entries at issue. This action involves plaintiff's challenge to CBP's partial denial of its protests.

Cause of Action One in plaintiff's complaint asserts that that subject merchandise

satisfies the Section 301 exclusion for merchandise classified under heading 9903.88.43, HTSUS, and that plaintiff is entitled to the reliquidation of its entries in order to refund Section 301 duties.  *See* Compliant at ¶¶ 36-41.  Cause of Action Two asserts, in the alternative, that plaintiff is entitled to the reliquidation of its entries in order to refund Section 301 duties if the Court enters judgment in Court Nos. 21-00052, 20-00177 and/or 20-02818, finding the challenged Section 301 duties to be unlawful.  *Id.* at ¶¶ 42-43.  For the reasons set forth below, we respectfully request that the Court stay plaintiff's second cause of action until there is a final resolution in Court Nos. 21-00052, 20-00177 and/or 20-02818, including the exhaustion of all appeals.

## **DISCUSSION**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936).  Thus, the decision as to whether, "[w]hen and how to stay proceedings is within the sound discretion of the trial court." *Cherokee Nation of Oklahoma v. United States*, 124 F.3d 1413, 1416 (Fed.Cir.1997).  This Court has previously observed that "a case may properly be stayed pending the outcome of another case (the 'lead' case) even when the 'lead' case may not be potentially dispositive of the case sought to be stayed – *i.e.*, even where the 'lead' case may, at most, streamline the issues in the case sought to be stayed." *An Giang Agric. & Food Imp. Exp. Co. v. United States*, 350 F. Supp. 2d 1162, 1168 n.9 (Ct. Int'l Trade 2004) (citation omitted).

Here, staying defendant's response to paragraph 43 of the Complaint and staying plaintiff's second cause of action pending a final resolution in Court Nos. 21-00052, 20-

3

00177 and/or 20-02818 would streamline the issues to be resolved. The main issue to be resolved in the present case, as set forth in Cause of Action One, is the narrow issue of whether plaintiff's claimed exclusion of Section 301 duties applies to the subject merchandise. The Second Cause of Action, on the other hand, concerns a group of more than 3,500 separate civil actions challenging the Section 301 duties themselves, which in turn relate to a broad trade program and the United States' ongoing political negotiations with China. We anticipate filing a motion to dismiss the Second Cause of Action for lack of subject matter jurisdiction under 28 U.S.C. § 1581(a) in response to paragraph 43 of the Complaint, among other possible defenses to this cause of action. We reserve all defenses related to the Second Cause of Action, at this time.

It would be an inefficient use of the parties' and the Court's resources to litigate the defenses to the Second Cause of Action now, when the merits underlying plaintiff's claim are being litigated in a separate proceeding, and have not yet come to finality. Accordingly, a stay of the Second Cause of Action would conserve judicial and counsel resources. Indeed, a stay would ensure that the narrow issue presented in Cause of Action One could be expeditiously and efficiently resolved, without expending time or resources on the numerous legal issues presented in the Section 301 cases.

If the Court grants our consent motion to stay, we propose submitting a joint status report within 30 days of a final resolution in Court Nos. 21-00052, 20-00177 and/or 20-02818, including the exhaustion of all appeals, explaining what, if any further proceedings are required, including the filing of our response to paragraph 43 of the Complaint. Likewise, if the Court grants our consent motion to stay and Cause of Action One is resolved prior to a final resolution in Court Nos. 21-00052, 20-00177 and/or 20-

02818, including the exhaustion of all appeals, we propose submitting a joint status report within 30 days of that final resolution to explain what, if any further proceedings are required, including the filing of our response to paragraph 43 of the Complaint.

On July 23, 2021, Ms. Shookman, counsel for defendant, conferred with Don Obert of the Obert Law Firm, P.L.L.C., counsel for plaintiff, who informed Ms. Shookman that, on behalf of his client, he consents to the relief requested in this motion.

For the foregoing reasons, we respectfully request that our consent motion be granted.

DATED: July 26, 2021    Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Justin R. Miller
JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

By:    /s/ Jamie L. Shookman
JAMIE L. SHOOKMAN
Trial Attorney
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza – Suite 346
New York, New York 10278
(212) 264-2107
Attorneys for Defendant